David J. McGlothlin, Esq. (SBN 026059)
david@westcoastlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile:  (602) 230-4482

Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff,*
*Brett Charles Berry*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Brett Charles Berry, on behalf of himself and others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**Real Time Resolutions, Inc.**<br><br>Defendant, | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.**<br><br>**Class Action Complaint**<br><br>**Jury Trial Demanded** |

**Introduction**

1. Plaintiff, BRETT CHARLES BERRY ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

2. Plaintiff brings this action for himself and others similarly situated seeking

damages and any other available legal or equitable remedies resulting from the illegal actions of REAL TIME RESOLUTIONS, INC. ("Defendant"), in negligently, knowingly, and/or willfully attempting to collect incorrect amounts from Plaintiff and the putative class in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

4. Unless otherwise stated, all of Defendant's conduct took place in Arizona.

5. Any violations by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

**Jurisdiction and Venue**

7. This Court has federal question jurisdiction because this case arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

8. Venue is proper in the United States District Court for the District of Arizona pursuant to 18 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in the County of Maricopa, State of Arizona because it conducts business is in the County of Maricopa, State of Arizona.

**Parties**

9. Plaintiff is a natural person residing in State of Arizona, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

10. At all relevant times herein, Defendant, was a company engaged, by use of

the mail and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

11. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" and a "debt" as those terms are defined by 15 U.S.C. §1692a(5).

12. At all times relevant, Defendant conducted business in the State of Arizona and in the County of Maricopa, within this judicial district.

**Factual Allegations**

13. Sometime before February 2008, Plaintiff is alleged to have incurred certain financial obligations to Defendant.

14. These alleged financial obligations were money, property, or their equivalent, for personal, family and/or household purposes, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by 15 U.S.C. §1692a(5).

15. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff disputes the validity of Plaintiff's alleged debt.

16. Subsequently, but sometime before February 2018 the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

17. Soon thereafter, Defendant began attempting to collect the alleged debt from Plaintiff through collection letters.

18. These collection letters to Plaintiff constituted as "communication" under the definition set forth in 15 U.S.C. §1692a(2).

19. On or about March 9, 2018, Defendant sent a letter to Plaintiff about the alleged debt, conveying a balance of $77,318.58. This balance was incorrect because the actual balance of the alleged debt was $ 76,678.

20. On April 3, 2018, Defendant sent another collection letter to Plaintiff with a balance of $105,697.21. This balance was incorrect because the actual balance of the alleged debt was $76,678.

21. On April 11, 2018, Defendant sent a collection letter to Plaintiff with a balance of $106,283.34. This balance was incorrect because the actual balance of the alleged debt was $76,678.

22. On May 17, 2018, Defendant sent an email to Plaintiff admitting it had previously been sending correspondence with incorrect account balances for Plaintiff's alleged debt.

23. Plaintiff is informed and believes and thereupon alleges, Defendant's inaccurate transmission of Plaintiff's balance was systemic.

24. Because Defendant sent incorrect account balances to Plaintiff during the process of collecting a debt, Defendant made false representation of the amount or legal status of a debt.

25. Defendant's false representation violated 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

26. Defendant's conduct was also an attempt to collect an amount not owed nor allowed by law in violation of 1692f(1).

27. As a result of Defendant's conduct set forth above, Plaintiff suffered actual damages in the form of mental anguish and emotional distress type damages, which manifested in symptoms including but not limited to frustration, anxiety, loss of sleep, embarrassment, and shame.

**Class Action Allegations**

28. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter the "Class") defined as follows:

    <u>The Class:</u>

    All persons within the United States who received any collection letter from Defendant, which had an incorrect account balance on the statement, within the one year prior to the filing of this Complaint.

29. Plaintiff represents, and is a member of the Class, consisting of: All persons within the United States who received any collection letter from Defendant, which contained identical or substantially similar language to those Plaintiff received from Defendant, within one year prior to the filing of this Complaint.

30. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

31. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class includes hundreds of members. Plaintiff alleges that the Class members may be ascertained by the records maintained by Defendant.

32. Common questions of fact and law exist as to all members of the Class and Utah Subclass, which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do

not vary between Class and Utah Subclass members, and which may be determined without reference to the individual circumstances of any Class and Utah Subclass members, include, but are not limited to, the following:

  a. Whether Defendant has a policy of communicating with consumers in connection with the collection of an alleged debt wherein Defendant made a false representation regarding the amount or legal status of each class member's debt.

  b. The nature and extent of damages and other remedies to which the conduct of Defendant entitles the Class members.

33. As a person that received collection communication from Defendant wherein Defendant falsely represented the amount of a debt in violation of 15 U.S.C. § 1692e, 1692e2(A), 1692e(10) and 1692f(1). Plaintiff is asserting claims that are typical of the Class.

34. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions and are well-versed in Fair Debt Collection Practices Act.

35. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class.

36. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

37. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## Cause of Action
## Violations Of The
## Fair Debt Collection Practices Act (FDCPA)
## 15 U.S.C. § 1692 et seq.

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of 15 U.S.C. § 1692 et seq.

40. As a result of each and every violation of the FDCPA, Plaintiff and the members of the class are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.

41. Plaintiff also alleges that to the extent that Defendant's FDCPA violations were done knowingly and willfully.

42. The violations of the FDCPA, 15 U.S.C. § 1692 et seq., described herein present a continuing threat to members of the Class and members of the general public in that Plaintiff is informed and believes and thereon alleges

that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

## Prayer For Relief

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and each of the Class members the following relief against Defendant:

### First Cause of Action for Violations Of The
### Fair Debt Collection Practices Act (FDCPA)
### 15 U.S.C. § 1692 et seq.

1. That this action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representative of the Class;
2. For statutory damages up to $1,000.00 per class member, or of $500,00.00 or 1% of Defendant's net worth, whichever is the lesser, pursuant to 15 U.S.C. § 1692k;
3. For actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
4. For reasonable attorneys' fees and costs of suit;

## Trial By Jury

43. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted,

**HYDE & SWIGART, APC**

Date: April 2, 2019                    By:  */s/ David McGlothlin*
                                            David McGlothlin
                                            Attorney for Plaintiff